IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARIA ARTIAGA, | ) | No. |
| | ) | |
| PLAINTIFF, | ) | **COMPLAINT AND** |
| | ) | **JURY DEMAND** |
| v. | ) | |
| | ) | |
| PEOPLE'S HEALTH CENTER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**Comes Now** the Plaintiff, Maria Artiaga, by and through her attorneys, McHenry, Haszard, Hansen, Roth & Hupp P.C., and for her cause of action against the Defendant, states and alleges the following:

## INTRODUCTION

1.  This is an action for injunctive and monetary relief against People's Health Center for acts in violation of Plaintiff's rights as guaranteed under the Americans With Disabilities Act (hereinafter the "ADA"), 42 U.S.C. § 12111 et. seq., and for payment of costs and attorney fees pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

2.  The jurisdiction and venue of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 to hear and redress the deprivation of rights guaranteed under federal law.  All of the acts alleged herein occurred in this judicial district.

3.  Plaintiff has met the administrative requirements of the ADA in that she filed a charge of discrimination with the Lincoln Commission on Human Rights, the Nebraska

1

Equal Opportunity Commission (hereinafter NEOC), and the Equal Employment

Opportunity Commission (hereinafter EEOC) on December 14, 2005.  After the

completion of the investigation by the Lincoln Commission on Human Rights, Plaintiff

requested a Notice of Right to Sue from the EEOC.  The Notice of Right to Sue was

received by Plaintiff on June 16, 2006, a true and correct copy of which is attached and

marked as Exhibit "A", and incorporated herein by reference.

## PARTIES

4.  At all times relevant, Plaintiff was a resident of Lincoln, Nebraska.

5.  At all times relevant, Defendant was a not-for-profit organization duly

authorized to do business in Lancaster County, Nebraska.

## FACTUAL ALLEGATIONS

6.  That Defendant meets the definition of "employer" under the ADA.

7.  That Plaintiff was employed by the Defendant as an interpreter beginning on

or about October 2, 2004.

8.  That Plaintiff was diagnosed with breast cancer in November of 2004 and was

given a leave of absence by the Defendant.

9.  Plaintiff was told by her supervisor that her leave of absence would be

temporary and that she would be allowed to resume her duties once she was able to

return to work.

10.  Plaintiff underwent successful surgery for her illness and was given

permission by her doctor to return to her position with Defendant in January of 2005.

11.  Plaintiff informed her supervisor that she was medically cleared to resume

2

working for Defendant in late January of 2005, but was told by her supervisor not to return to work until she finished her chemotherapy.

12.   Plaintiff did complete chemotherapy treatment in May of 2005 and at that time contacted her supervisor about returning to her position.

13.   When Plaintiff contacted her supervisor in May of 2005 about resuming her duties as an interpreter, her supervisor told her the position might be eliminated by the Defendant.   Her position was never eliminated.   It was filled by her temporary replacement from the time Plaintiff took medical leave until her replacement was made a permanent employee in August of 2005.

14.   In June of 2005, Plaintiff learned that the woman who was supposed to serve as her temporary replacement continued to perform Plaintiff's job duties.   She contacted her supervisor, who told her, "If it isn't broke, don't fix it."   Plaintiff's supervisor also informed her that Plaintiff no longer had a position at Defendant's office.

15.   On August 5, 2005 Defendant made the decision to retain Plaintiff's replacement as a permanent employee.

16.   Plaintiff's previous employment with Defendant was at all times satisfactory.

17.   From the time Plaintiff was medically cleared to return to work in January of 2005 until she finished chemotherapy in May of 2005, she was able to perform her work duties with reasonable accommodation.

18.   From May of 2005 on, Plaintiff was able to perform her duties with or without reasonable accommodation.

19.   Due to her diagnosis and treatment for breast cancer, Plaintiff was regarded by Defendant as having an impairment that substantially limited her major life activities.

3

## FIRST CAUSE OF ACTION

## FEPA

20.  Paragraphs one through nineteen are incorporated herein by reference.

21.  Defendant is an "employer" as defined by Neb. Rev. Stat. 48-1102(2) (Reissue 2004)

22. Defendant's refusal to return Plaintiff to work is substantially motivated by Plaintiff's disability, record of disability, or the Defendant's perception that Plaintiff is disabled.

23.  Defendant's actions are in violation of the Nebraska Fair Employment Act (FEPA).

24.  The actions of the Defendant are the proximate cause of damages to the Plaintiff, including past and future wages and benefits.

25.  The actions of the Defendant are the proximate cause of great emotional distress, humiliation, mental anguish to Plaintiff, and damage to her reputation.

## SECOND CAUSE OF ACTION
## (ADA)

26.  Plaintiff incorporates by reference paragraphs one through twenty-five as if fully set forth in this paragraph.

27.  Defendant's actions are in violation of Plaintiff's rights as guaranteed under the ADA.

28.  The actions of the Defendant are the proximate cause of damages to the Plaintiff, including past and future wages and benefits.

4

29.  The actions of the Defendant are the proximate cause of great emotional distress, humiliation, mental anguish to Plaintiff, and damage to her reputation.

**CLAIM FOR RELIEF**

**WHEREFORE**, the Plaintiff, based on the foregoing allegations of fact and law, respectfully requests this Court to assume jurisdiction over this case and:

a)   Declare the acts described herein as violating the statutory rights guaranteed to Plaintiff;

b)   Award Plaintiff lost back pay and benefits;

c)   Order Defendant to reinstate Plaintiff to a like position, as though no discrimination occurred, or in lieu of restatement, award Plaintiff a reasonable amount for front pay;

d)   Award damages to compensate Plaintiff for her pain and suffering, emotional distress, humiliation, and damage to her reputation, personal and professional;

e)   Punitive damages as allowed by law;

f)   Award Plaintiff attorney fees and costs;

g)   Award such other relief as this Court deems fit.

**REQUEST FOR JURY TRIAL**

Plaintiff respectfully requests that jury trial be held on this matter in Lincoln, Nebraska.

Respectfully submitted,

MARIA ARTIAGA, Plaintiff

5

By:     /s/ Jeffery R. Kirkpatrick
        Jeffery R. Kirkpatrick #21280
        McHenry, Haszard, Hansen, Roth,
        & Hupp, P.C.
        P.O. Box 82426
        Lincoln, NE 68501
        (402)476-2200
        jkirkpatrick@mchenrylaw.com
        Attorney for Plaintiff

6